OPINION OF THE COURT
ALARCÓN, Circuit Judge:
Appellant Terrance Manuel appeals from the District Court’s sentencing decision on two grounds: (1) the District Court erred by denying his motion to suppress evidence obtained from a warrantless search of an apartment that was not Man *846 uel’s approved, registered residence; and (2) the District Court abused its discretion by admitting evidence of Manuel’s status as a probationer. Because we conclude that the District Court did not err on either ground, we will affirm the judgment of sentence.
I
In September 2004, Manuel was released on parole following a Pennsylvania state prison term for a narcotics offense. Manuel was under the supervision of the Montgomery County Adult Probation and Parole Department. Upon his release on parole, Manuel signed a September 8, 2004 form entitled “Rules and Conditions Governing Probation/Parole and Intermediate Punishment (IP).” The form stated in relevant part:
2. I must comply with all local, state, and federal criminal laws .... I will abide by the rules and conditions imposed by the Montgomery County Adult Probation and Parole Department.
3. My officer will make supervision visits to my home. Prior to changing my residence, I must have the permission of my probation/parole officer.
10. I understand the Adult Probation and Parole Department has the authority to search my person, place of residence or vehicle without a warrant, if he or she has reasonable suspicion.
(Supp.App. of Appellee 20.)
Manuel informed the Adult Probation and Parole Department that he would reside at his mother’s home at 730 George Street, Norristown, Pennsylvania (the “George Street Address”). Montgomery County Adult Probation and Parole Department Officer Samuel Dowling supervised Manuel after he was released on probation.
On January 20, 2006, Officer Dowling received a tip from an anonymous informant that Manuel was living at 916 W. Washington Street, Apartment B, Norris-town, Pennsylvania (the “Washington Street Address”) where there were guns and drugs. That same day, Officer Dowl-ing and another probation officer went to the Washington Street Address. There, Officer Dowling observed the name “T. Manuel” on the mailbox outside of the apartment. Dowling made a notation of the tip and his observation of the name “T. Manuel” on the mailbox in his file, but took no further action at that time.
Some time later, Dowling received another tip on his office voicemail from the same informant, again stating that Manuel was living at the Washington Street Address where there were guns and drugs. Dowling did not make a notation of this tip in Manuel’s file.
On February 24, 2006, Dowling arranged to meet Manuel at a Norristown laundromat later that day. Confrontation at the laundromat was selected by Officer Dowling because he and his fellow officers are not permitted to carry firearms. An arrest at his residence was not considered because Manuel might have guns there. Manuel was handcuffed, and Dowling retrieved a set of keys from his pocket. Officer Dowling told Manuel that they were going to his residence. Manuel replied “730,” presumably referring to the George Street address. When Dowling told Manuel that they were going to the Washington Street Address, “his eyes got big and he kind of froze there.” (App. II 39.)
*847 Upon arriving at the Washington Street Address, Dowling used the keys taken from Manuel to enter the apartment. Once inside, Dowling testified that he smelled marijuana. Dowling then searched the apartment where he discovered a gun, “packages with white residue or powder” believed to be packaging for cocaine, a cardboard box containing pink vials, “a box with affixed of [sic] [Manuel’s] name,” a Comcast bill, and a lease. Thereafter, Dowling called the Norristown Police Department, who obtained a search warrant and searched the apartment.
II
On April 3, 2007, Manuel was charged in a four-count indictment with: possession with intent to distribute 5 grams or more of cocaine base (“crack”) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count 1); possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count 2); using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 4).
Manuel moved to suppress the gun and narcotics evidence as fruits of an unconstitutional search. After holding a suppression hearing, the District Court denied the motion. Manuel also moved in limine to exclude evidence referring to Officer Dowl-ing as Manuel’s probation officer. The District Court denied this motion as well.
On January 4, 2008, a jury convicted Manuel of the first three counts and, after Manuel waived his right to a jury trial as to Count 4, the District Court issued findings of fact and conclusions of law finding Manuel guilty of possession of a firearm by a convicted felon. The District Court sentenced Manuel to 271 months of incarceration and eight years of supervised release, and entered judgment on July 10, 2008. Manuel has timely appealed.
Ill
Manuel argues on appeal that the District Court erred by denying his motion to suppress the evidence obtained from the warrantless search of the Washington Street Address. We disagree. We conclude that the totality of the circumstances — including the two telephone calls from an anonymous informant reporting that Manuel was living at the Washington Street Address, and the fact that Officer Dowling corroborated this information by observing the name “T. Manuel” written on the mailbox outside of the residence, together with Manuel’s having the keys in his possession — gave the officers probable cause to believe that Manuel resided at the Washington Street Address. See Motley v. Parks, 432 F.3d 1072, 1080 (9th Cir.2005) (en banc) (“before conducting a warrantless search pursuant to a parolee’s parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched”). Manuel’s reliance on Commonwealth v. Edwards, 874 A.2d 1192 (Pa.Super.Ct.2005), is misplaced. There, the Superior Court of Pennsylvania held that parole officers lacked probable cause to enter and search, without a warrant, the alleged unapproved residence of a parolee. Id. at 1198. In contrast to the present matter, in Edwards, the evidence presented to the parole officers indicated that the parolee did not reside at the location that was searched. Among other things, the parolee and a third party offered a plausible explanation for the parolee’s presence at the residence. See id. at 1196-97.
Also, the record shows that the officers had “reasonable suspicion” to search the Washington Street Address to deter *848 mine whether Manuel had violated the terms and conditions of his probation by failing to obtain approval before changing his residence. See Griffin v. Wisconsin, 483 U.S. 868, 875-76, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987) (holding that state statute could permit search of probationer’s residence if “reasonable grounds” exist); see also 61 Pa. Stat. § 331.27b(d)(2) (“A property search may be conducted by any officer if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision.”) (emphasis added). The conditions of Manuel’s release expressly provided that he could not change his residence without the permission of his probation/parole officer.
This Court’s decision in Shea v. Smith, 966 F.2d 127 (3d Cir.1992), is also distinguishable. In She a, this Court held that a probation officer had reasonable grounds to search the residence without a warrant for evidence of a probation violation because it was listed with the probation office as the probationer’s address. Id. at 131-34. Griffin is distinguishable on similar grounds. See Griffin, 483 U.S. at 871, 107 S.Ct. 3164. These cases suggest that probable cause is required to believe that a probationer resides at a location, see Edwards, 874 A.2d at 1198, but that only reasonable suspicion is needed to investigate a possible probation violation, see Shea, 966 F.2d at 131-34.
IV
Manuel also argues on appeal that the District Court abused its discretion by admitting evidence that Officer Dowling was Manuel’s probation officer. The Government’s case was based on the theory that Manuel intended to hide his true residence, the Washington Street Address, from Officer Dowling because Manuel was engaging in unlawful activity there. Evidence that Officer Dowling was Manuel’s probation officer was admissible to demonstrate why Dowling met with Manuel at the laundromat and drove Manuel to the Washington Street Address. This evidence was intertwined with the events underlying the charges. The District Court did not abuse its discretion in admitting this evidence. See United States v. Gibbs, 190 F.3d 188, 218 (3d Cir.1999) (Rule 404(b) of the Federal Rules of Evidence “does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense.”).
Because the District Court did not err in denying Manuel’s suppression motion or in denying his motion in limine, the Judgment and Commitment Order of the District Court will be AFFIRMED.