DLD-135                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1107
_____

UNITED STATES OF AMERICA

v.

TERRANCE MANUEL,
                                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 07-cr-00177)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2011
Before:  BARRY, FISHER AND ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 3, 2011 )
_____

OPINION
_____

PER CURIAM

       Terrance Manuel appeals pro se from the order of the District Court denying what

it apparently construed as a motion for sentencing relief.  We will vacate and remand for

further proceedings.

1

I.

In 2008, Manuel was convicted of four federal crimes, including possession with intent to distribute five grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). The District Court sentenced him below the Sentencing Guidelines range to a term of 271 months in prison. We affirmed his conviction, see United States v. Manuel, 342 F. App'x 844, 848 (3d Cir. 2009), and the United States Supreme Court denied certiorari, see Manuel v. United States, 131 S. Ct. 258 (2010).

Manuel mailed the motion at issue here to the District Court shortly before the denial of certiorari, and it arrived after that ruling. Manuel captioned the motion as a "Motion to Supplement Brief or Leave to Supplement Proceeding Regarding the Newly Enacted 18:1 Ration [sic]." Manuel asserted that he was still on certiorari review and asked the District Court to "take into consideration" two claims. First, he asserted that he is eligible for relief under the Fair Sentencing Act of 2010, which increased the amount of crack cocaine that triggers a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). See United States v. Reevey, 631 F.3d 110, 114 (3d Cir. 2010). Second, he asserted that he is eligible for relief under the related Amendment 748 to U.S.S.G. § 2D1.1(c), which decreased the base offense level applicable to offenses involving crack cocaine. See U.S. Sentencing Guidelines Manual, Supp. to 2010 Guidelines Manual, Amend. 748 (2010). The District Court directed the Government to respond to the motion, which it did on the merits. Manuel then sent the District Court a letter, in which

2

he requested counsel and clarified that "I have not asked for any type of reduction or anything just to supplement my brief so far." By order entered January 4, 2011, the District Court concluded that Manuel's claims lack merit and denied his motion with prejudice. Manuel appeals. We have jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291.[1]

## II.

Manuel never affirmatively sought relief on the merits of his claims. Instead, the only relief he requested was leave to supplement his "brief" on direct appeal (presumably, his certiorari petition). The District Court nevertheless denied his claims with prejudice. The District Court did not specify the procedural mechanism under which it construed Manuel as proceeding or the basis for its jurisdiction to reach the merits of his claims.

If Manuel had mentioned only Amendment 748 to the Sentencing Guidelines, then we might be inclined to construe his motion in the first instance as one for a sentence reduction under 18 U.S.C. § 3582(c)(2). Manuel's reference to the Fair Sentencing Act, however, renders this approach problematic. A claim seeking retroactive application of the Fair Sentencing Act may not be cognizable on a motion for a sentence reduction. See 18 U.S.C. § 3582(c)(2) (authorizing certain reductions "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). Although we do not

---

[1] The District Court's order also denied Manuel's request for counsel. Manuel has not argued that the District Court abused its discretion in that regard and, in light of our

3

decide the issue, such a claim may be cognizable, if at all, only by means of a habeas petition under 28 U.S.C. § 2241 or a motion attacking the sentence under 28 U.S.C. § 2255.

Treating Manuel's motion as either type of filing would have various consequences. Treating it as a § 2241 petition could subject any future § 2241 petition he might file to dismissal as an abuse of the writ. See Zayas v. INS, 311 F.3d 247, 256-57 (3d Cir. 2002). And treating it as a § 2255 motion would subject any future § 2255 motion he might wish to file to the provisions restricting the filing of a "second or successive" motion. 28 U.S.C. § 2255(h). For that reason, district courts must provide notice to pro se litigants before characterizing their filings as § 2255 motions and reaching the merits. See Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999). The District Court did not issue any such notice in this case. Treating Manuel's motion as one under § 2255 also would implicate our jurisdiction, because Manuel could not then appeal unless the District Court or we issued a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B).[2]

Accordingly, we will vacate the District Court's order denying Manuel's claims on the merits and remand for further proceedings. In that regard, we note that the only relief Manuel ever requested was to supplement his "brief" on direct appeal. Because his direct

_____

disposition, we need not address the issue.

[2] Manuel evidently intends to file an actual § 2255 motion. In his letter to the District Court, he asked "is my 2255 time running" and requested transcripts of his trial and sentencing, which the District Court has provided.

appeal had concluded by the time his motion reached the District Court, the District Court may wish to simply treat the motion on its own terms and dismiss it as moot. The District Court may also wish to ascertain whether Manuel affirmatively seeks relief and determine in the first instance the proper procedural mechanism for doing so. We appreciate the District Court's willingness to liberally construe Manuel's pro se filing, and we have no reason to question its resolution of the merits.[3] For the reasons explained above, however, we will remand for further proceedings. Manuel's motion for the appointment of counsel on appeal is denied.

---

[3] The District Court determined that Manuel is not eligible for relief under Amendment 748 on the sole ground that the Sentencing Commission has not made it retroactive. For informational purposes, we note that such a conclusion ordinarily should result in a dismissal without prejudice rather than a dismissal with prejudice. See United States v. Williams, 630 F.3d 44, 53 (1st Cir. 2010); United States v. Wise, 515 F.3d 207, 221 (3d Cir. 2008).