**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 10-2195

———

UNITED STATES OF AMERICA

v.

SHANE D. WILLIAMS,
a/k/a Elijah Williams
a/k/a DaShane Williams

SHANE D. WILLIAMS,
                                        Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-09-cr-048)
District Judge: Hon. William W. Caldwell

———

Submitted Under Third Circuit LAR 34.1(a)
April 29, 2011

Before: BARRY, HARDIMAN, and TASHIMA,<sup>*</sup> Circuit Judges

(Filed: May 12, 2011)

———

---

 <sup>*</sup> Hon. A. Wallace Tashima, Senior Judge, United States
Court of Appeals for the Ninth Circuit, sitting by designation.

OPINION

TASHIMA, Circuit Judge.

Shane D. Williams appeals his sentence of 151 months' imprisonment for violation of 21 U.S.C. § 846 involving conspiracy to distribute cocaine base. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we will affirm.

**I.**

Williams pled guilty to a one-count information charging him with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 on November 9, 2009. Although the parties stipulated in Williams' plea agreement that they would make a non-binding recommendation to the court of the amount of crack cocaine involved in the case for purposes of the Sentencing Guidelines calculation, no drug quantity was charged in the superseding information. Accordingly, Williams was exposed to a 20-year statutory maximum penalty, but no mandatory minimum sentence applied to him. 21 U.S.C. § 841(b)(1)(C); see United States v. Lacy, 446 F.3d 448, 454 (3d Cir. 2006) ("[T]he maximum penalty for possession with intent to distribute an unspecified quantity of a mixture or substance containing cocaine base is 20 years, and the maximum penalty for possession with intent to distribute five grams or more of a mixture or substance that contains cocaine base is 40 years[.] Thus, in this case, both the drug type and amount serve to increase the maximum statutory penalty, and must be treated as 'elements' of the offense.") (emphasis removed) (footnote and citations omitted).

2

On April 16, 2010, Williams appeared before the District Court for sentencing. The parties agreed that under the Sentencing Guidelines, Williams' total Offense Level was 30 and that he was in Criminal History Category VI, making the advisory Guidelines range 168 to 210 months. Williams argued, however, that the Guidelines range was too high for a number of reasons, noting in particular the disparate treatment of quantities of crack and powder cocaine in the Guidelines, the disproportionate impact of that treatment on African-American defendants, and that "the Senate has passed a bill that would substantially reduce this disparity."

The District Court noted that it was "aware of the discrepancy between crack and powder cocaine and the matters that are going on now to try to do away with that," and that "there's some justification" for the Department of Justice's position that "the law is the law at the time of sentencing." The District Court concluded that there was a basis for "some minor variance" "not . . . on the basis of the [crack-powder cocaine] discrepancy," and sentenced the defendant to a 151-month term of imprisonment.

This appeal followed.

## II.

Although we ordinarily review a district court's imposition of a sentence for abuse of discretion, where "the challenge to the sentence concerns the interpretation of a statute, we exercise plenary review." United States v. Reevey, 631 F.3d 110, 112 (3d Cir. 2010).

Williams argues that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124

Stat. 2372 (2010) ("FSA"), must be applied to his case, which was pending on appeal on August 3, 2010, the date the FSA went into effect. Specifically, Williams contends that the general "Savings Statute" codified at 1 U.S.C. § 109 does not apply to the FSA because of congressional findings undermining the previous crack sentencing regime, that harsher sentences prior to the FSA disproportionately impact African-Americans, and that the Equal Protection Clause compels the conclusion that the Savings Statute not apply to individuals sentenced before the FSA went into effect but whose cases were still pending on appeal.[1] These arguments are foreclosed by our recent decision in Reevey, in which we held that, given the Savings Statute, the FSA "cannot be applied" to defendants whose appeals were pending when the FSA went into effect because the FSA does not expressly provide for the release of the prior penalty. Reevey, 631 F.3d 114-15.

Williams filed his brief before our precedential decision in Reevey. We therefore directed him to submit a letter explaining the effect of Reevey on this appeal. In his letter brief, Williams notes that the defendants in Reevey were sentenced pursuant to mandatory minimum penalties. Williams, by contrast, was sentenced pursuant to the 2009 edition of the Sentencing Guidelines, not pursuant to any statutory, mandatory minimum term of imprisonment.

---

[1] To the extent that Williams argues that the crack-powder disparity violates the Equal Protection Clause, that argument is foreclosed by United States v. Frazier, 981 F.2d 92, 95 (3d Cir. 1992).

The United States Sentencing Commission responded to the FSA by promulgating emergency amendments to the Sentencing Guidelines, for which the commission established an effective date of November 1, 2010 – after Williams was sentenced. See U.S. Sentencing Guidelines Manual (2010 Supp.); cf. U.S. Sentencing Guidelines Manual § 1B1.11(a) (2009) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

Despite his contention that we should remand for resentencing and direct the District Court to take account of the disparity, Williams makes no argument that the Guidelines promulgated pursuant to the statute should apply any differently than the statute itself, makes no argument that the District Court abused its discretion in sentencing him according to the Guidelines in effect at the time, and cites no authority for his contention that the court should remand "to give [him] credit on the sentencing disparity issue." Accordingly, he has waived any such argument. See United States v. Stadtmauer, 620 F.3d 238, 264 n.31 (3d Cir. 2010) ("'[A]n issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice[.]'") (quoting Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202-03 (3d Cir. 2004)).

### III.

For the reasons set forth above, we will affirm the judgment of the District Court.