**UNITED STATES of America**

v.

**Curtis L. McKEITHAN, Appellant.**

**No. 09–4014.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 30, 2009.

Opinion filed: Jan. 28, 2010.

James T. Clancy, Esq., Gordon A.D. Zubrod, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Curtis L. McKeithan, Rochester, MN, pro se.

Before: Chief Judge SCIRICA, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Appellant Curtis L. McKeithan, proceeding *pro se,* sought a reduction in his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c), which the District Court denied. For the reasons that follow, we will summarily affirm.

In 2001, following a jury trial in the United States District Court for the Middle District of Pennsylvania, McKeithan was convicted of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base (crack), distribution and possession with intent to distribute in excess of 50 grams of cocaine base (crack), and related offenses. The

Court determined his base offense level to be 38, with a 4 level upward adjustment for his lead role in the offense, for a total base offense level of 42, with a criminal history category of III. This resulted in an imprisonment range of 360 months to life. McKeithan was sentenced to a total of 420 months' imprisonment, consisting of 360 months for the drug-related offenses with a consecutive 60 month sentence for the possession of a firearm conviction.

In 2007, the United States Sentencing Commission enacted Amendment 706, which lowered the base offense level for cocaine base ("crack") offenses, and made the Amendment retroactive. McKeithan thereafter filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that the sentencing court may modify a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(*o* ), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant's sentence is eligible for such a reduction, the sentencing court is directed to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In

making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *See* U.S. Sentencing Guidelines § 1B1.10(b).

In support of his motion, McKeithan made several arguments regarding the District Court's discretion in sentencing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Spears v. United States*, —— U.S. ——, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009), and the unfairness of the disparity in sentences between him and his co-defendant. However, as both the Government and the Federal Public Defender explained to the District Court, while McKeithan's base offense level under the new Sentencing Guidelines would be readjusted to a 40, he remains in the same sentencing range.[1] Accordingly, the District Court denied McKeithan's motion.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's interpretation of the Sentencing Guidelines *de novo* and its decision whether to grant or deny a defendant's motion to reduce his sentence pursuant to § 3582(c)(2) for abuse of discretion. *See United States v. Mateo*, 560 F.3d 152, 154 (3d Cir.2009).

In his informal brief, which we construe as his opposition to possible summary action, McKeithan argues that the District Court erred in not considering the sentencing factors listed in 18 U.S.C. § 3553(a) and in not exercising its discretion in sentencing him under *Booker* and its progeny. There is a split amongst the U.S. Courts of Appeals as to whether the

---

1. Because McKeithan's five-year sentence on the gun charge was not affected by Amend-

ment 706, McKeithan is not eligible for re-sentencing on that charge.

sentencing guidelines are advisory rather than mandatory in the context of a Section 3582 sentence modification. *Compare United States v. Hicks,* 472 F.3d 1167 (9th Cir.2007), *with United States v. Dillon,* 572 F.3d 146, 149–50 (3d Cir.2009), *cert. granted,* —— U.S. ——, 130 S.Ct. 797, —— L.Ed.2d —— (2009). However, this issue does not arise unless the sentencing range under the amended guidelines is lower than it was at the time of the defendant's original sentencing. *See Mateo,* 560 F.3d at 154 ("[t]o be entitled to a reduction of sentence, a defendant's *sentencing range* must have been lowered by recalculation based on the amended base offense level"). Because McKeithan's sentencing range was not affected by Amendment 706, he is not eligible for a reduction in his sentence pursuant to Section 3582(c). Accordingly, the District Court properly denied McKeithan's motion for a reduction in sentence.

Based on the foregoing, we conclude that this appeal presents no "substantial question," and will summarily affirm the judgment of the District Court. *See* 3d Cir. LAR 27.4 & I.O.P. 10.6.