**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3981
_____

UNITED STATES OF AMERICA

v.

CURTIS L. MCKEITHAN,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00278)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 7, 2011

Before:  FUENTES, GREENAWAY, JR., and COWEN, Circuit Judges

(Opinion filed:  June 8, 2011)

_____

OPINION
_____

PER CURIAM

    Appellant appeals from an order of the District Court denying his petition under

28 U.S.C. § 2241 for a reduction in sentence that sought a retroactive application of the

Fair Sentencing Act of 2010.[1]  For the reasons that follow, we will affirm.

## I.

On April 18, 2001, Curtis L. McKeithan was convicted under 21 U.S.C. § 846 of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine, and related charges.  He was sentenced to a total of 420 months incarceration.  Judgment was affirmed on October 30, 2002.

On December 31, 2003, McKeithan filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel and prosecutorial misconduct.  The District Court denied the motion, and this Court subsequently denied McKeithan's application for a certificate of appealability.  The Supreme Court denied McKeithan's petition for a writ of certiorari.

On January 12, 2009, McKeithan filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706 and 711 to the United States Sentencing Guidelines ("USSG") authorizing a reduction, effective retroactively, to the base guideline offense level for drug distribution and conspiracy offenses involving cocaine base.  On August 31, 2009, the District Court denied the motion, finding that, even with the revised offense level, McKeithan's criminal history category of III resulted in the same sentencing range to which he was exposed without the reduction.  In other words,

---

[1] Although McKeithan's motion referred to the "Fair Sentencing Act of 2009," the Act McKeithan relies on is the Fair Sentencing Act of 2010, which went into effect on August 3, 2010.  See PL 111-220, 124 Stat. 2372 (2010).  We will refer to the 2010 Act throughout this opinion.

he did not qualify for a reduction because the Amendment did not affect his sentence. We affirmed the District Court's denial of McKeithan's § 3582 motion on January 28, 2010. See United States v. McKeithan, No. 09-4014 (order entered on Jan. 28, 2010).

On September 23, 2010, McKeithan filed a pro se "Recall of Mandate" pursuant to 28 U.S.C. § 2241, moving the District Court, pursuant to the Fair Sentencing Act of 2010, to reduce his guideline sentence in light of the Act's provisions changing the drug ratio of powder to crack cocaine. See United States v. Reevey, 631 F. 3d 110, 114 (3d Cir. 2010). The District Court denied the petition on the basis that the legislation was not made retroactive. McKeithan's appeal from that order is now before the Court.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to any factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

At the outset, we agree with Appellee that McKeithan is not entitled to proceed via § 2241 petition because he has not shown that § 2255 provides an inadequate or ineffective remedy. The presumptive means for a federal prisoner to challenge the validity of a conviction or sentence is a § 2255 motion filed in the sentencing court. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A habeas petitioner may seek relief under § 2241 only if the remedy provided

3

by § 2255 is "inadequate or ineffective" to test the legality of his detention. See Dorsainvil, 119 F.3d at 249-51. A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). McKeithan's petition plainly challenges the validity of his sentence, and he has not demonstrated that § 2255 is an inadequate or ineffective means to raise his claim. The District Court, therefore, properly denied his § 2241 petition.

Because McKeithan previously filed a § 2255 motion that was denied on the merits, he must first obtain leave from this Court in order to file a second § 2255 motion. See 28 U.S.C. §2244(b)(3)(A). To the extent that McKeithan's filings or appeal can be construed as a request to file a second or successive § 2255 motion, he has failed to make the requisite showing that his motion relies on either (1) newly discovered evidence, that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish that no reasonable fact finder would have found him guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. See 28 U.S.C. § 2255(h)(1), (2). McKeithan does not raise any claim of new

4

evidence of innocence, and we agree with the District Court that the Fair Sentencing Act of 2010 has not been made retroactive by the Supreme Court to cases on collateral review.[2] See Reevey, 631 F.3d 110 at 115 (3d Cir. 2010) (in affirming sentence on direct appeal, noting that the FSA "does not contain an express statement that the increase in the amount of crack cocaine triggering the five-year mandatory minimum is to be applied to crimes committed before the FSA's effective date"); see also United States v. Bell, 624 F.3d 803, 814-15 (7th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010).

## III.

Accordingly, the District Court's order will be affirmed.

---

[2] In the argument section of McKeithan's brief, he makes an additional argument that the District Court should have adjusted his offense level downward because the Pre-Sentence Report overstated the seriousness of his criminal history and he did not merit career offender status. We do not generally consider arguments raised for the first time on appeal. Delaware Nation v. Pennsylvania, 446 F.3d 410, 416 n.9 (3d Cir. 2006). To the extent that we can construe this to be a claim raised in an application for permission to file a second or successive petition under § 2255, it does not meet either of the statutory criteria required to obtain authorization. See 28 U.S.C. § 2255(h)(1), (2).