**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2919

_____

UNITED STATES OF AMERICA

v.

CURTIS L. MCKEITHAN,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 00-cr-00278-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2013
Before:  SLOVITER, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 24, 2013)

_____

OPINION

_____

PER CURIAM

    Curtis L. McKeithan appeals from the orders of the United States District Court

for the Middle District of Pennsylvania denying his motion pursuant to 18 U.S.C.

§ 3582(c) for a reduction of his sentence and denying his motion for reconsideration of

that denial. We will vacate the District Court's orders and remand for further proceedings.

In 2001, McKeithan was convicted of conspiracy and distribution of cocaine base (crack cocaine), and related offenses, including the possession of a firearm in relation to a drug trafficking offense. His base offense level under the federal Sentencing Guidelines was determined to be 38, with a four-level upward adjustment for his lead role in the offense, for a total offense level of 42 and a criminal history category of III. This resulted in a sentencing range of 360 months to life for the drug offenses. McKeithan was sentenced to 360 months of imprisonment for the drug offenses, plus a consecutive sixty-month term for the firearm offense.[1] We affirmed his conviction and sentence in 2002.[2]

In 2009, McKeithan filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He relied on Amendment 706 to the United States Sentencing Guidelines, which authorized a two-level reduction to the base offense level for his crack cocaine and conspiracy offenses. The District Court denied the motion, finding that the resulting sentencing range remained the same, even after reducing McKeithan's offense level to 40. We affirmed the District Court's denial of McKeithan's section 3582(c)(2) motion. See United States v. McKeithan, No. 09-4014 (3d Cir. Jan. 28, 2010). McKeithan then

---

[1] The firearms component of the sentence is not at issue here.

[2] In 2003, McKeithan unsuccessfully pursued a motion under 28 U.S.C. § 2255.

filed a petition pursuant to 28 U.S.C. § 2241, seeking a reduction of his guideline sentence pursuant to the Fair Sentencing Act of 2010 ("FSA"), which altered the statutory penalties for crack cocaine offenses provisions. The District Court denied relief because the FSA was not made retroactive by the Supreme Court to cases on collateral review. We affirmed, noting that McKeithan's remedy was not within the purview of section 2241, and that his claim did not meet the requirements for authorization to file a second or successive section 2255 motion. See United States v. McKeithan, No. 10-3981 (3d Cir. Jun. 8, 2011) (citing United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010)).

At issue here is McKeithan's most recent motion to reduce his sentence pursuant to section 3582(c)(2). He argued that the District Court would have imposed a lesser sentence if the FSA and the related amendments to the Sentencing Guidelines had been in place at the time of his sentencing. On May 8, 2012, the District Court denied the motion, again holding that the FSA does not apply retroactively to McKeithan's case. On June 12, 2012, the District Court denied McKeithan's motion for reconsideration. This appeal followed.

We first determine the scope of this appeal. The Government argues that the appeal is untimely, because McKeithan did not file his notice of appeal within the fourteen-day period for appealing from the May 8, 2012 denial of his section 3582(c) motion. See Fed. R. App. P. 4(b)(1)(A). The Government further asserts that McKeithan's motion for reconsideration was not filed until May 29, 2012, and the failure to file a timely motion for reconsideration renders the underlying appeal untimely. As

3

other courts have recognized, filing a motion for reconsideration within the fourteen-day deadline for filing a notice of appeal tolls the deadline, even though such a motion is not expressly authorized under the Federal Rules of Criminal Procedure. See United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012). In this case, McKeithan signed his motion for reconsideration on May 22, 2012, while incarcerated, and the motion was postmarked the next day. The record is sufficient to show that McKeithan timely filed his motion for reconsideration fourteen days after the denial of his section 3582(c)(2) motion. See Fed. R. App. P. 4(c)(1). McKeithan's notice of appeal was filed by the District Court on June 25, 2012, within fourteen days of the District Court's June 12, 2012 denial of the motion for reconsideration. We conclude that McKeithan's appeal is timely.

We review the District Court's ultimate decision to deny McKeithan's section 3582(c)(2) motion for abuse of discretion, but we exercise plenary review over the District Court's legal interpretation of relevant statutes and guidelines. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We review the denial of a motion for reconsideration for abuse of discretion. Long v. Atlantic City Police Department, 670 F.3d 436, 446-447 (3d Cir. 2012).

Pursuant to the emergency directive of the FSA, the Sentencing Commission promulgated a temporary amendment, Amendment 748, effective November 1, 2010, to reduce the offense levels in U.S.S.G. § 2D1.1(c) for crack cocaine offenses. The Sentencing Commission later promulgated Amendment 750, effective November 1, 2011,

4

effectively making the changes permanent.  On the same date, pursuant to Amendment 759, Amendment 750 was made retroactive for purposes of section 3582(c)(2) sentence reductions based on the amended drug quantity table in section 2D1.1 for crack cocaine. See U.S.S.G. § 1B1.10(c).

The District Court may reduce a prison term of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . ."  18 U.S.C. § 3582(c)(2).  Here, the District Court's decisions do not contain any analysis of McKeithan's section 3582(c)(2) motion beyond stating that the FSA does not apply retroactively to McKeithan. However, in stating the authority upon which his motion relied, McKeithan referred not only to the FSA but also the temporary implementing amendment that became effective on November 1, 2010, as well as "[t]he retroactive Amendment 706 [that] went into [e]ffect on November 1, 2012 [sic] and listed under U.S.S.G. § 1B1.10, replacing Amendment 706."  (Section 3582(c) Motion, unnumbered pages 4-5).  As we read McKeithan's pro se motion,[3] the basis for his motion appears to be Amendment 750, which does apply retroactively per section 1B1.10(c).  See United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012); Glover, 686 F.3d at 1205.

The Government holds fast to its position that McKeithan is not entitled to a reduction of sentence under Amendment 706, but it does not explain why he is not now

---

[3] Our obligation to construe a pro se litigant's pleadings liberally is well established.  See, e.g., Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

entitled to a reduction under Amendment 750, despite our October 22, 2012 order directing the parties to address the issue. The Government states that the Pre-Sentence Report prepared for McKeithan's case concluded that McKeithan had distributed approximately 2.4 kilograms of crack cocaine.[4] Offense level 34 now encompasses the quantity range between 840 grams and 2.8 kilograms of crack cocaine. See U.S.S.G. § 2D1.1(c)(3). As we understand McKeithan's main argument, Amendment 750 thus lowers his total offense level, resulting in a lower sentencing range than the original range of 360 months to life.[5] McKeithan raises a number of other assertions concerning his sentence in conjunction with his Amendment 750 argument. We will not undertake an analysis of the merits of McKeithan's arguments, as they are best left for the District Court's consideration in the first instance.

For the foregoing reasons, we will vacate the District Court's orders and remand the matter for further proceedings.

---

[4] It appears that the District Court attributed the amount of 1,725 grams to McKeithan at the sentencing hearing. See United States v. McKeithan, No. 02-1059, 2002 WL 31477304, at *5 (3d Cir. Oct. 30, 2002).

[5] In our discussion, we make no determinations concerning the actual calculation of McKeithan's sentence. However, we note that, although a prior adjustment of McKeithan's offense level to 40 resulted in no change to his sentencing range in criminal history category III, the sentencing range does decrease for offense levels below 40 within the same criminal history category.