DLD-237                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1652
_____

UNITED STATES OF AMERICA

v.

DERRICK BULLARD,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:01-cr-00456-002)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed:  July 29, 2011)
_____

OPINION
_____

PER CURIAM

    Derrick Bullard, a federal prisoner proceeding pro se, appeals from the District

Court's order denying his request to reduce his sentence.  The Government has moved

this Court to excuse it from filing a brief, and to summarily affirm the District Court's

judgment.  For the reasons that follow, we grant the Government's motion and will summarily affirm.

## I.

In 2002, a federal jury found Bullard guilty of conspiracy to possess with intent to distribute more than 50 grams of cocaine base ("crack").  At the time, that amount of crack, coupled with Bullard's prior conviction for a felony drug offense, triggered a 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii).  The District Court sentenced Bullard to that mandatory minimum, and we affirmed his conviction and sentence on direct appeal.  See United States v. Bullard, 162 F. App'x 106, 108 (3d Cir. 2005).  In 2007, Bullard moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The District Court denied that motion, and we subsequently denied his request for a certificate of appealability.

Although not reflected on the District Court's docket, the parties indicate that, in late 2009, Bullard sent a letter to the District Court requesting that his sentence be reduced pursuant to 18 U.S.C. § 3582(c)(2).  On January 11, 2010, the District Court responded by letter – this, too, is not included on the docket – stating, "[y]ou are not eligible for a sentence reduction under § 3582(c)(2) because you were not sentenced pursuant to the sentencing guidelines but pursuant to a statutory mandatory minimum based on the amount of controlled substance involved in the offense."

In February 2011, Bullard filed a document titled "Relation Back Motion to § 3582(c)(2) Request and Letter by the Court Dated January 11, 2010, in Response to

2

Letter by Petitioner Dated December 21, 2009." In this filing, Bullard again sought a reduction in his sentence pursuant to § 3582(c)(2), claiming that his sentence should reflect a 1:1 crack-to-powder cocaine ratio. On February 17, 2011, the District Court entered an order denying Bullard's request. Bullard timely appealed from that order,[1] and the Government has since filed a motion requesting that we excuse it from filing a brief and summarily affirm.

## II.

The District Court did not err in denying Bullard's latest request to reduce his sentence. Although Bullard, who cites the Supreme Court's decision in Spears v. United States, 129 S. Ct. 840 (2009) (per curiam), argues that courts must apply a 1:1 crack-to-powder cocaine ratio in sentencing, he is incorrect. Spears held that a district court *may* categorically reject the Sentencing Guidelines' crack-to-powder cocaine differential on policy grounds, see id. at 843-44; however, it did not *require* courts to do so, let alone require them to apply a 1:1 ratio. Even if courts *were* required to apply a 1:1 ratio under the Guidelines, Bullard would still not be entitled to a sentence reduction, for, as the District Court highlighted, he was sentenced pursuant to a statutory mandatory minimum. See United States v. Doe, 564 F.3d 305, 315 (3d Cir. 2009) (holding that amendment to Guidelines did not render defendant eligible for a sentence reduction under § 3582(c)(2) because he had been sentenced pursuant to a statutory mandatory minimum). Finally,

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

although the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which took effect on August 3, 2010, amended § 841(b)(1)(A)(iii) so as to increase the amount of crack needed to trigger the statutory mandatory minimum to 280 grams, that amendment does not retroactively apply to Bullard's case. See United States v. Reevey, 631 F.3d 110, 111 (3d Cir. 2010).

Because this appeal does not present a substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment.[2] See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

[2] Bullard's request that sanctions be imposed against the attorney for the Government is denied as baseless.