**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1812
_____

UNITED STATES OF AMERICA

v.

RICHARD REEVEY,
also known as Richard Reavey,
Richard Reevey,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 3-08-527-1)
District Judge: Honorable Joel A. Pisano
_____

No. 10-1834
_____

UNITED STATES OF AMERICA

v.

ANTHONY WILLIAMS,
a/k/a CHICK,
Anthony Williams,
Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 3-08-445-2)
District Judge: Honorable Joel A. Pisano
_____

Submitted Pursuant to LAR 34.1(a)
November 19, 2010

Before: BARRY, CHAGARES, and VANASKIE, <u>Circuit
Judges</u>

(Filed: December 14, 2010)

Scott A. Krasny, Esquire
Furlong & Krasny
820 Bear Tavern Road
Mountain View Office Park, Suite 304
West Trenton, NJ 08628

Counsel for Appellant Reevey

Paulette L. Pitt, Esquire
Suite 102
165 Main Street
Woodbridge, NJ 07095

Counsel for Appellant Williams

Mark E. Coyne, Esquire
Sabrina G. Comizzoli, Esquire
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102

Counsel for Appellee

_____

OPINION OF THE COURT
_____


VANASKIE, <u>Circuit Judge</u>.

These consolidated appeals present the question of whether the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), may be applied

retroactively to authorize the District Court to impose a sentence below the prescribed mandatory minimum prison term in effect at the time the Appellants were sentenced. We answer the question in the negative, and thus affirm the sentences imposed by the District Court.

I.

On December 7, 2009, Appellant Richard Reevey pled guilty to a charge of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B), and 846. Section 841(b)(1)(B) of Title 21 U.S.C. prescribes a mandatory minimum prison term of five years and a maximum prison term of forty years.[1] Reevey stipulated in his plea agreement that his offense conduct, which occurred in March of 2007, included 10.8 grams of cocaine base. On March 11, 2010, the District Court sentenced Reevey to the mandatory minimum term of five years.

On August 26, 2009, Appellant Anthony Williams entered a plea of guilty to a superseding Information charging him with conspiracy to distribute and possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Williams' criminal conduct took place between August of 2007 and January of 2008. In his plea agreement, Williams stipulated that "the offense and relevant conduct involved between 5 and 20 grams of cocaine base." (A. 42.) Hence, Williams was also subject to the mandatory minimum prison term. On March 11, 2010, Williams was sentenced to the five-year mandatory minimum sentence. Responding to Williams'

---

[1] Section 846 of Title 21 U.S.C. provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Thus, a conspiracy to distribute the minimum quantity of crack cocaine triggering a mandatory prison term of at least five years carries with it the same sentence as the substantive drug trafficking crime delineated in 21 U.S.C. § 841(b)(1)(B).

request for a downward departure based on the disparity in treatment between crack and powder cocaine offenders, the District Court, after noting that the "issue has been taken up by Congress," declined to grant a downward departure. (A. 93.)

Both Reevey and Williams appealed their sentences, arguing that the District Court erred in refusing to impose a sentence below the statutory mandatory prison term of five years.[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a).

## II.

Ordinarily, district court sentences are reviewed under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, however, the challenge to the sentence concerns the interpretation of a statute, we exercise plenary review. See United States v. Soto, 539 F.3d 191, 194 (3d Cir. 2008).[3]

Reevey argues on appeal that the District Court failed to adequately consider the 18 U.S.C. § 3553(a) factors when imposing the mandatory minimum sentence. Williams claims on appeal that his sentence was unreasonable because the District Court did not recognize the "scientific and constitutional flaws" in the crack cocaine sentencing guidelines, and "[i]n the event that the [FSA is passed] during the pendency of this appeal, the sentence that was imposed will be an illegal sentence." (Williams' Br. at 18.)

---

[2] We consolidated the appeals of Reevey, No. 10-1812, and Williams, No. 10-1834, by order dated August 30, 2010.

[3] The government asserts that Reevey and Williams failed to preserve challenges to their sentences so that our review must be limited to plain error. See United States v. Hawes, 523 F.3d 245, 249 (3d Cir. 2008). Because we discern no error by the District Court, plain or otherwise, there is no need to determine whether Appellants' present arguments were sufficiently preserved in the District Court.

4

Appellants' arguments presuppose the existence of discretionary authority to impose a prison term of less than five years in these cases. As the government notes, however, statutory mandatory minimum sentences are binding law and are to be enforced except in limited circumstances which are inapplicable here.

Reevey's invocation of the § 3553(a) factors is foreclosed by United States v. Kellum, 356 F.3d 285, 289-90 (3d Cir. 2004), where, in affirming the District Court's sentence, we held that "it is now clear that § 3553(a) did not give the district court the authority to sentence [appellant] below the statutorily mandated minimum sentence[.]" Indeed, "it is clear that Congress intended that mandatory minimum sentences are not to be affected by the general considerations of § 3553(a)(2) because that statute provides the authority for the district court to depart below the statutorily mandated minimum sentence." Id. at 289. Under 18 U.S.C. § 3553(e), upon a substantial assistance motion by the government, "the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence . . . ." Additionally, under § 3553(f), a court "shall impose a sentence . . . without regard to any statutory minimum sentence" if the "safety valve" factors are satisfied.[4]

---

[4] The factors include:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

18 U.S.C. § 3553(f); see Kellum, 356 F.3d at 289. "These two narrow exceptions are the only authority a district court has to depart below a mandatory minimum sentence . . . ." Kellum, 356 F.3d at 289 (citing United States v. Santiago, 201 F.3d 185, 187 (3d Cir. 1999); United States v. Villar, 184 F.3d 801, 803 (8th Cir. 1999)). It is undisputed that the government did not file substantial assistance motions in either case and neither Reevey nor Williams qualify for application of the § 3553(f) "safety valve." Therefore, the two narrow exceptions to imposing the statutory mandatory minimum sentence are inapplicable.

As we recognized in United States v. Gunter, 462 F.3d 237, 248 (3d Cir. 2006), unlike the advisory sentencing guidelines range, "the statutory minimum drug trafficking penalty in 21 U.S.C. § 841(b) . . . is mandatory . . . ." See also Kimbrough v. United States, 552 U.S. 85, 102-03 (2007) ("A person convicted of possession with intent to distribute 5 grams or more of crack cocaine must be sentenced to a minimum of 5 years. . . .") (emphasis added). Thus, the District Court was obligated to impose five-year prison terms in these cases.

III.

On August 3, 2010, approximately four months after

---

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). In light of their prior convictions, neither Reevey nor Williams qualified for application of the safety valve.

Appellants were sentenced, the President signed the FSA into law. Pertinent to these consolidated appeals, the FSA amended the minimum amount of crack cocaine necessary to trigger the five-year mandatory minimum prison term from five grams to twenty eight grams. FSA § 2(a)(2). Reevey's acknowledged distribution of 10.8 grams of crack and Williams' stipulation to responsibility for between five and twenty grams of cocaine base would not trigger the five-year mandatory minimum sentence under the FSA. Reevey and Williams argue that the FSA should be applied to them.

The government asserts that retroactive application of the FSA is precluded by the general "Savings Statute" found at 1 U.S.C. § 109. The Savings Statute, in pertinent part, provides:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109. In effect, the Savings Statute mandates that a court apply the penalties in place at the time the crime was committed unless the new law expressly provides otherwise. Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 661 (1974). As the Court in Marrero observed, the Savings Statute "has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." Id. (citations omitted). Moreover, the Savings Statute is applicable to statutory amendments. United States v. Jacobs, 919 F.2d 10, 12-13 (3d Cir. 1990). In Jacobs, we held that the District Court could not apply a statutory amendment in effect at the time of the defendant's sentencing that made her eligible for probation because the statute in effect at the time of the commission of her crime precluded eligibility for probation and Congress had not expressed an intention to give retroactive effect to the statutory change. Id. at 13. It has

7

also been held that courts must apply the statutory law in effect at the time of the commission of the offense even where a statute is repealed while the case is on appeal. See Pipefitters Local Union No. 562 v. United States, 407 U.S. 385, 434-35 (1972). Consequently, we have recognized that:

> it is possible that sometime in the future two defendants may receive different penalties for having committed essentially the same crimes—although at different times. Such a result may be considered anomalous, but it is Congress that has drawn the line. If penalties are to differ because of an arbitrarily selected date, it seems fairer that the severity of the penalty depend upon the voluntary act of a defendant in choosing the date of his criminal conduct than upon the date of sentencing, which could vary with the fortuities of criminal proceedings.

United States v. Caldwell, 463 F.2d 590, 594 (3d Cir. 1972) (citation omitted); see also Marrero, 417 U.S. at 664 (explaining that defendant's argument for leniency was "addressed to the wrong governmental branch. Punishment for federal crimes is a matter for Congress, subject to judicial veto only when the legislative judgment oversteps constitutional bounds.").

The general Savings Statute requires that any intent to "release or extinguish any penalty" under an existing statute be "expressly provide[d]" in the subsequent congressional enactment. The FSA does not contain an express statement that the increase in the amount of crack cocaine triggering the five-year mandatory minimum is to be applied to crimes committed before the FSA's effective date. Nor does it provide that those sentenced before the FSA's effective date are to be re-sentenced. Therefore, the FSA cannot be applied to Reevey and Williams.

Our conclusion is consistent with the decision of every Court of Appeals to have addressed this issue. See United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010) (FSA "is not . . . retroactive and thus does not apply to this case");

8

United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010) ("[T]he Fair Sentencing Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed."); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010) ("Like our sister circuits that have considered this issue, [] we conclude that the savings statute operates to bar the retroactive application of the FSA."); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam) (affirming ten-year mandatory minimum sentence under 21 U.S.C. § 841 "because the FSA took effect in August 2010, after appellant committed his crimes, [and] 1 U.S.C. § 109 bars the Act from affecting his punishment"); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010) (affirming sixty-month mandatory minimum sentence because the FSA "contains no express statement that it is retroactive nor can we infer any such express intent from its plain language"). We find this consistent line of authority to be compelling.[5]

IV.

---

[5] The Appellants' reliance on United States v. Douglas, --- F. Supp. 2d ---, Crim. No. 09-202, 2010 WL 4260221 (D. Me. Oct. 27, 2010), is misplaced and unpersuasive. In Douglas, the court held that the FSA retroactively applied to a defendant who had yet to be "sentenced, but who engaged in crack cocaine trafficking and pleaded guilty under the previous harsher regime." Id. at *1. Douglas is easily distinguishable from the present appeals. Here, both Reevey and Williams committed their crimes and were sentenced before the FSA was signed into law. As the authoring Judge of Douglas acknowledged in another opinion issued that same day, the FSA does not apply to those who, like Reevey and Williams, have already been sentenced. United States v. Butterworth, Crim. No. 06-62, 2010 WL 4362859, at *1 (D. Me. Oct. 27, 2010) ("Thus, this case is unlike United States v. Douglas, Case No. 09-202 (D. Me. Oct. 27, 2010), where today I . . . ruled that for sentences going forward the provisions of the Fair Sentencing Act do apply, even if the criminal conduct occurred before its enactment . . . .").

In conclusion, Appellants' crimes are governed by the five-year statutory mandatory minimum sentence that was in effect at the time the crimes were committed. <u>See</u> 21 U.S.C. § 841(b)(1)(B)(iii) (2006). Accordingly, the sentences imposed by the District Court will be affirmed.