NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1887
_____

UNITED STATES OF AMERICA

v.

JAMES MONYA CARTER,
                                    Appellant
_____

On Appeal from the United States District Court
for the Western District of  Pennsylvania
District Court  No. 2-06-cr-00387-001
District Judge: The Honorable Gary L. Lancaster

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 10, 2011

Before: SMITH, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed:  May 24, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge.*

James Monya Carter pleaded guilty, consistent with the terms of a written plea agreement, to the first count of a three-count indictment, *i.e.*, knowingly and intentionally distributing five grams or more of a substance containing a detectable

amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).  The District Court determined that Carter's offense level was 25 and that his criminal history category was III, yielding a guidelines range of 70 to 87 months.  The District Court sentenced Carter to, *inter alia*, 70 months imprisonment.  This timely appeal followed.[1]

Carter contends that the District Court committed procedural error because it incorrectly computed Carter's criminal history category.  He also asserts that his sentence should be vacated and this matter remanded so that he may be resentenced  in accordance with the Fair Sentencing Act of of 2010.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010).  The government asserts that Carter waived his right to challenge the District Court's sentence.  It points out that Carter's plea agreement contained a broad waiver of his rights to appeal and to seek collateral relief.   Because the two issues raised by Carter fall within the scope of the appellate waiver, we consider whether there is any basis for setting the waiver aside.

Carter submits that his appellate waiver should not be enforced because the District Court did not conduct an adequate colloquy under Federal Rule of Criminal Procedure 11(b)(1)(N).  That Rule mandates that

---

[1]  The District Court exercised jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

> [b]efore the court accepts a plea of guilty . . . the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands . . . (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Carter is correct that the District Court failed to comply with this mandate. The Court neither informed Carter of the appellate waiver nor ascertained whether he understood the terms of the waiver. This was error. *United States v. Goodson*, 544 F.3d 529, 540 (3d Cir. 2008).

Carter did not interpose a timely objection, however, to the deficiency in the Rule 11 colloquy. For that reason, we review for plain error which requires that we decide "whether there was a violation of Rule 11(b)(1)(N), which warrants setting an appellate waiver aside." *Id.* at 539 (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)). This requires consideration of the whole record to determine if the inadequate colloquy "precluded [Carter] from understanding that he had a right to appeal and that he had substantially agreed to give up that right." *Id.* at 541.

In this case, the appellate waiver was set forth in the plea agreement. Carter signed the final page of the plea agreement in the presence of his counsel, acknowledging that he had read the plea agreement and had discussed it with his attorney. During the plea colloquy, Carter affirmed that he had an eleventh grade education and was able to read the English language. Although the District Court

3

did not discuss the appellate waiver during the change of plea colloquy, the prosecutor's summary of the terms of the plea agreement indicated that it contained an appellate waiver. The prosecutor accurately recited the terms of the waiver, including the three exceptions. Carter agreed with the government's summary of the terms of the plea agreement. Furthermore, Carter had two prior convictions. This criminal history suggests that, prior to this criminal proceeding, Carter was aware of a defendant's right to appeal. Given these circumstances, we conclude that the District Court's error did not affect Carter's substantial rights.[2]

Furthermore, we conclude that enforcement of Carter's appellate waiver would not result in a miscarriage of justice. *See United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008). His contention that the District Court incorrectly calculated his criminal history category lacks merit and this court has already determined that the Fair Sentencing Act is not retroactively applicable. *United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010).

Accordingly, we will affirm the judgment of the District Court.

---

[2] We recognize that Carter pleaded guilty before this Court issued *United States v. Goodson* and that the District Court did not have the benefit of our instruction regarding the important role that the district courts play "in assuring that the defendants fully understand the scope and terms of an appellate waiver." 544 F.3d 529, 540 n.10 (3d Cir. 2008). Nonetheless, we reiterate that Rule 11(b) is mandatory, not hortatory. Accordingly, district judges must affirmatively endeavor to fulfill its dictates. *Id.*