CLD-255                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2744
_____

UNITED STATES OF AMERICA

v.

ANDRE KEYES, a/k/a DREY,
                                                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-03-cr-00487)
District Judge:  Honorable John R. Padova

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and IOP 10.6
**August 4, 2011**
Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 30, 2011)
_____

OPINION
_____

PER CURIAM

        Andre Keyes, a prisoner at FCI-Fort Dix, in New Jersey, appeals from the District

Court orders dismissing his request for post-conviction relief and denying his motions for

reconsideration and appointment of counsel.  Because the appeal does not present a

substantial question, we will summarily affirm.  <u>See</u> 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

1

I

Keyes was convicted in the United States District Court for the Eastern District of Pennsylvania of possession with intent to distribute crack cocaine and related charges, including a weapons charge, for participating in a crack cocaine distribution ring. He was sentenced to concurrent terms of 120 months' imprisonment on the drug charges and a consecutive 60-month term for possessing a firearm in furtherance of a drug trafficking crime. Keyes appealed his conviction, and we affirmed. See United States v. Keyes, 214 F. App'x 145 (3d Cir. 2007).

Keyes then filed a timely motion to vacate his conviction under 28 U.S.C. § 2255. The District Court denied his motion, and we declined to issue a certificate of appealability. See United States v. Keyes, C.A. No. 08-3778 (order entered Mar. 18, 2009). The United States Supreme Court denied Keyes's petition for writ of certiorari in October 2009.

In April 2011, Keyes filed in the District Court a "petition for post-conviction relief," in which he stated his intention to pursue, under 28 U.S.C. § 2241, three claims: (1) he is "actually innocent" of the 120-month drug sentence, in light of the Fair Sentencing Act of 2010, which reduced the penalties for crack-related offenses; (2) his sentence violates his right to equal protection under the Fifth and Fourteenth Amendments to the Constitution; and (3) he is actually innocent of possessing a firearm in furtherance of a drug trafficking offense. The District Court dismissed Keyes's motion, reasoning that Keyes failed to demonstrate his entitlement to proceed under § 2241. Keyes then sought reconsideration and appointment of counsel, which the

2

District Court denied.  Keyes now appeals those decisions.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we may summarily affirm if Keyes does not raise a substantial question on appeal.  See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

A federal prisoner challenging the validity of his conviction or sentence must pursue collateral relief under § 2255 in the district court that imposed his sentence.  See § 2255(a).  "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained" by a district court.  Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); see § 2255(e).  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Id. at 539.  Rather, the "safety valve" provided by § 2255(e) is a narrow one that applies only in rare situations, such as when a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed not criminal due to a change in the law.  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Keyes first argued that he should be permitted to proceed under § 2241 because the Fair Sentencing Act of 2010, which reduced the sentences applicable to crack-related

3

offenses, rendered him "actually innocent" of the 120-month mandatory minimum sentence imposed on him in 2004. However, Keyes has not shown that this claim satisfies the narrow Dorsainvil exception because there is no merit to his argument: as we held in United States v. Reevey, 631 F.3d 110, 114-15 (3d Cir. 2010), the Fair Sentencing Act has no retroactive effect.[1]

Keyes next argued that his right to equal protection has been violated because he was sentenced under the harsher penalties in place before the Fair Sentencing Act, while "similarly situated" offenders, i.e., those who committed the same crimes involving the same amount of crack cocaine *after* the Fair Sentencing Act was enacted, receive less severe penalties. His argument lacks merit, and therefore fails to satisfy the Dorsainvil exception, because it incorrectly views the two groups of offenders as similarly situated; they are not. Moreover, assuming arguendo that an Equal Protection violation exists, it would not establish Keyes's actual innocence in any respect.

Finally, Keyes argued, based on an affidavit he submitted describing his account of the facts leading to his firearms conviction, that he is actually innocent of that charge. Keyes again fails to meet the Dorsainvil standard, as he does not allege any information that was unavailable to him at the time he filed his original § 2255 motion. Because Keyes failed to demonstrate that § 2255 was inadequate or ineffective, the District Court

---

[1] In so holding, we make no comment on the arguably open question whether a litigant can satisfy Dorsainvil by demonstrating actual innocence of a sentence.

appropriately dismissed his § 2241 petition.[2]

We also agree with the District Court that Keyes's motion for reconsideration lacked merit. In that motion, Keyes argued that the District Court erroneously construed his petition as arising under § 2241. However, his argument is belied by the numerous arguments in his petition asserting his ability to proceed under that statute. To the extent that Keyes suggests an alternative basis for relief, we are aware of no other avenues available to him. Petitions under § 2241 notwithstanding, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences . . . ." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). And Keyes has not shown either newly discovered evidence of his actual innocence or a new, retroactively applicable rule of constitutional law entitling him to relief, so as to permit him to file a second or successive § 2255 motion. See § 2255(h).

Likewise, the District Court did not abuse its discretion in denying Keyes's motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).

Accordingly, we will affirm.

---

[2] Further, because Keyes's petition could not be brought under § 2241, we perceive no error in the District Court's decision not to transfer Keyes's petition to the district of his confinement.