NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2432
_____

UNITED STATES OF AMERICA

v.

REINALDO TORRES, JR.,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 08-cr-00742-008)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2011

Before: FISHER, HARDIMAN and GREENAWAY, JR., *Circuit Judges*.

(Filed: September 27, 2011)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Reinaldo Torres, Jr. appeals his judgment of sentence following guilty pleas to six

federal crimes.  Torres argues that his sentence was unreasonable because he would have

been subject to a lower sentencing range under the Fair Sentencing Act of 2010 and

because his designation as a career offender overrepresented his criminal past. Because the sentence was procedurally and substantively reasonable, we will affirm.

I

We write for the parties, who are well acquainted with the case, so we review only briefly the essential facts and procedural history.

Torres was arrested on March 6, 2009, after a prolonged investigation of the Latin Kings street gang by the Federal Bureau of Investigation and the Allentown, Pennsylvania, Police Department. Over the course of the investigation, Torres participated in three sales of crack cocaine to confidential informants, and a search of his residence uncovered 8.8 grams of crack cocaine, 1.4 grams of marijuana, and certain drug paraphernalia. On January 5, 2010, he pleaded guilty to conspiracy to distribute and distribution of 50 grams or more of cocaine base (Counts 1 and 2), distribution of five grams or more of cocaine base (Count 3), distribution of cocaine base (Count 4), possession with intent to distribute five grams or more of cocaine base (Count 5), and possession with intent to deliver marijuana (Count 6), in violation of 18 U.S.C. §§ 846 and 841(a) and (b)(1)(A)-(D). Counts 1 and 2 each carried a maximum term of life imprisonment, pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(A).

Before sentencing, the Probation Office prepared a Presentence Investigation Report (PSR) and calculated Torres's sentencing range under the United States Sentencing Guidelines (USSG). The PSR classified Torres as a career offender under USSG § 4B1.1 based on his prior convictions for aggravated and simple assault,

2

automatically yielding a criminal history category of VI and, because the applicable statutory maximum sentence was life imprisonment, an offense level of 37. Had the career offender provision not applied, Torres's criminal history still would have placed him in criminal history category VI. After factoring in his acceptance of responsibility, Torres's offense level was 34, resulting in a Guidelines sentencing range of 262 to 327 months imprisonment. Torres neither objected to the PSR's calculation of his Guidelines range nor moved for a downward departure.

Torres did urge the Court to vary downward based on the 18 U.S.C. § 3553(a) factors. Under § 3553(a)(2)—which outlines the statutory objectives to be considered at sentencing—Torres argued the District Court should consider the disparity between sentences for crack and powder cocaine offenses, as well as the then-pending Fair Sentencing Act of 2010, which would lessen that disparity. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) (FSA). Torres also argued that, although he was properly classified as a career offender, the Court should consider his relative youth when he committed the two predicate assaults.

In consideration of Torres's arguments, the District Court varied downward from the Guidelines range based upon, *inter alia*, the crack/powder disparity and Torres's youth when he committed the predicate offenses. At the same time, the District Court declined to vary based on the pendency of the FSA and imposed a sentence of 204 months incarceration and five years supervised release. Torres timely appealed.

3

## II

We review sentencing decisions for abuse of discretion, looking first for procedural error and then examining the sentence for substantive reasonableness. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). We review a district court's legal interpretation of the Guidelines *de novo*. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). In evaluating the substantive reasonableness of a sentence, we must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

The Fair Sentencing Act of 2010 went into effect on August 3, 2010, after Torres was sentenced. We have held that the FSA does not apply retroactively to defendants like Torres whose offenses and sentences occurred before the FSA's effective date. *United States v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010). Accordingly, it was not an abuse of discretion for the District Court to decline to apply the FSA before it was enacted.

Torres suggests the District Court should have recalculated his Guidelines range to account for the crack/powder disparity and then departed or varied from that lower range. But the Court did not err by correctly calculating the Guidelines range before applying any departures or variances; indeed it was required to do so. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

Nor was it an abuse of discretion for the District Court to vary downward 58 months, and no further, from the bottom of the Guidelines range. Considering both the crack/powder disparity and Torres's youth when he committed the predicate offenses, as did the District Court—and considering that Torres's criminal history category and Guidelines range would have been the same had he not been deemed a career offender—the District Court's sentence was substantively reasonable.

Accordingly, we will affirm the judgment of the District Court.