**NOT PRECEDENTIAL**

UNITED STATE COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2303
_____

UNITED STATES OF AMERICA

v.

ROMAN SURRATT,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:08-cr-00376-026)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2011

Before: FISHER, VANASKIE and ROTH, *Circuit Judges*

(Filed: November 29, 2011)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

On October 28, 2008, a grand jury in the Western District of Pennsylvania

indicted Roman Surratt for violating 21 U.S.C. § 846 for conspiring and possessing with

intent to distribute five kilograms or more of a mixture containing a detectable amount of

cocaine and fifty or more grams of a mixture and substance containing a detectable

amount of cocaine base, also known as crack cocaine or crack. The grand jury also indicted Surratt for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) for possessing with intent to distribute a mixture and substance containing a detectable amount of heroin.

On June 18, 2009, Surratt pleaded guilty to the cocaine base and heroin offenses, accepting responsibility for possessing 149 grams of crack and 22.9 grams of heroin. During his plea hearing, the District Court advised Surratt that his crack cocaine offense was subject to a 120-month mandatory minimum sentence. The District Court then ordered a Presentence Investigative Report (PSR). The PSR used the 2008 edition of the United States Sentencing Guidelines Manual, effective November 1, 2008. Surratt's initial advisory guideline calculation was 108 to 135 months based upon a total offense level of 31 and a criminal history category of I. Surratt did not object to this calculation. Because the applicable statute of conviction, 21 U.S.C. §841(b)(1)(A)(iii), required a ten-year (120-month) mandatory minimum sentence, the advisory guideline range became 120 to 135 months pursuant to U.S.S.G. § 5G1.1(c)(2). On September 11, 2009, the District Court sentenced Surratt to 120 months' imprisonment, the statutory mandatory minimum and bottom of the guideline range.

On April 2, 2010, Surratt filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c), arguing that the District Court incorrectly calculated his guideline range by using an 80-to-1 crack-to-powder cocaine quantity ratio to determine his base offense level. The District Court denied Surratt's motion, holding that his sentence was correctly imposed pursuant to the statutory minimum term of imprisonment required by 21 U.S.C. § 841. Surratt then filed this appeal pro se, arguing that the District Court

2

should have exercised its discretion and used a reduced drug quantity ratio to impose a lighter sentence.

## I.

We have jurisdiction to decide this appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We reject Surratt's sentencing challenge and will affirm the judgment of the District Court.

The District Court was obligated to impose a sentence of at least 120 months based on Surratt's offense, which was subject to a 120-month mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(iii). A district court may grant a motion to reduce a defendant's sentence under 18 U.S.C. § 3582(c) only when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A defendant is not eligible for a reduction under § 3582(c)(2) if another statute or provision, such as a statutory mandatory minimum, controls the defendant's sentence. *See United States v. Doe*, 564 F.3d 305, 312 (3d Cir. 2009).

The District Court did not have discretion to impose a lower sentence because, "unlike the advisory sentencing guidelines range, 'the statutory minimum drug trafficking penalty in 21 U.S.C. § 841(b) . . . is mandatory.'" *United States v. Reevey*, 631 F.3d 110, 113 (3d Cir. 2010) (quoting *United States v. Gunter*, 462 F.3d 237, 248 (3d Cir. 2006)). Moreover, any potential change to Surratt's advisory guideline range resulting from the Fair Sentencing Act of 2010 ("FSA") does not alter our decision because the Act's

3

changes to mandatory minimum crack penalties do not apply retroactively.[1] *See Reevey*, 631 F.3d at 114-15. Therefore, the statutorily required minimum term of imprisonment remains 120 months. Because the offense carried a 120-month mandatory minimum sentence and his guideline range did not change, Surratt is not entitled to a sentencing reduction under § 3582(c).

## II.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[1] On June 30, 2011, the Sentencing Commission unanimously voted to apply the new Guidelines retroactively to defendants sentenced before the FSA's passage. That decision, however, does not affect the statutory mandatory minimums and has no bearing on the resolution of the issue before us. *See United States v. Dixon*, 648 F.3d 195, 198 n.1 (3d Cir. 2011). In *United States v. Reevey*, we held that the Savings Statute found at 1 U.S.C. § 109 precluded a defendant from receiving the benefit of the FSA's statutory changes if both the offense and initial sentencing occurred before the FSA's enactment. *Reevey*, 631 F.3d at 114-15. Surratt is precluded from the benefit of the FSA's statutory changes for precisely the same reason. Surratt's appeal is not governed by *Dixon,* where we applied the FSA's statutory changes to the defendant who committed the offense *before* the enactment of the FSA, but was sentenced *after* the FSA's enactment. *Dixon*, 648 F.3d at 203.