NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1818
_____

UNITED STATES OF AMERICA

v.

SHAWN THOMAS
also known as MALIK BROWN

Shawn Thomas,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-08-00558-001)
Honorable Gene E.K. Pratter, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
December 16, 2011

BEFORE: SLOVITER, VANASKIE, and GREENBERG, Circuit Judges

(Filed: December 30, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on appellant Shawn Thomas's appeal from

a judgment of conviction and sentence in this criminal case entered on March 25, 2011,

following Thomas's conviction at a jury trial and subsequent sentencing on all eight counts of an indictment charging him with drug and weapon possession offenses. In particular, the indictment charged Thomas with: (1) conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count One); (2) distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two); (3) distribution of five grams or more of cocaine base within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a) (Count Three); (4) distribution of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Counts Four and Five); (5) possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Six); (6) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (Count Seven); and (7) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Eight).

On May 17, 2010, following his conviction, Thomas filed a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29 or, in the alternative, for a new trial under Federal Rule of Criminal Procedure 33. On December 22, 2010, the District Court denied Thomas's motion pursuant to its comprehensive memorandum opinion of that day.

On March 22, 2011, the District Court sentenced Thomas to a total custodial term of 180 months divided between 120 months for the drug and section 922(g) offenses (Counts One through Six and Eight), and a mandatory consecutive sentence of 60 months for the section 924(c) offense (Count Seven). The Court also imposed a five-year term of

supervised release to follow the service of the custodial sentences and a $700 special assessment. In sentencing Thomas, the Court did not apply the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, 21 U.S.C. § 841(b)(1)(B)(iii). That act had become law on August 3, 2010, after Thomas committed the offenses in this case but before the court sentenced him. Congress enacted the Fair Sentencing Act to reduce the disparity in sentences between those imposed for powder and crack cocaine convictions. Following his sentencing Thomas appealed.

On this appeal Thomas contends that: (1) no rational juror could have found beyond a reasonable doubt that he possessed a firearm in furtherance of a drug trafficking crime inasmuch as the government did not establish that he even possessed a firearm within the meaning of 18 U.S.C. § 924(c) and thus the District Court should have acquitted him on Count Seven; and (2) the District Court abused its discretion in sentencing him without applying the Fair Sentencing Act and thereby imposing a sentence exceeding that which would have been imposed if the Court applied the act. Except for the conviction on Count Seven, he does not challenge his convictions.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. On this appeal we exercise plenary review of the District Court's disposition of both issues that Thomas raises, the sufficiency of the evidence issue because we are examining the evidence supporting the verdict in making this determination, see United States v. Starnes, 583 F.3d 196, 206 (3d Cir. 2009), and the sentencing issue because it raises a question of law. See United States v. Reevey, 631 F.3d 110, 112 (3d Cir. 2010). In making our review we apply a

3

deferential standard in deciding whether the jury verdict rested on legally sufficient evidence. Accordingly, we do not weigh the evidence or determine the credibility of the witnesses. Rather, we view the evidence in the light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found that the evidence was sufficient to establish that the essential elements of the possession of a firearm charge at issue on this appeal existed beyond a reasonable doubt. See United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998).

After our review of this matter we have concluded that we cannot add anything to the District Court's analysis in its opinion of December 22, 2010. We simply note that the jury readily could have inferred from the evidence to which the Court referred in its December 22, 2010 opinion that Thomas possessed the weapon involved in this case and that he did so in furtherance of his drug trafficking offenses.

Thomas, however, is correct when he contends that the District Court should have applied the Fair Sentencing Act in his case and the government concedes this point. See United States v. Dixon, 648 F.3d 195, 203 (3d Cir. 2011). Thus, he must be resentenced.

For the foregoing reasons we will affirm the judgment of conviction and sentence of March 25, 2011 to the extent that the judgment reflects Thomas's convictions but will reverse the judgment to the extent that it reflects the sentence imposed on him. We will remand the matter to the District Court for resentencing.