**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-4650

_____

UNITED STATES OF AMERICA

v.

MARIO HAMLIN,

Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-09-cr-00181-001)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Under Third Circuit LAR 34.1(a)
on October 27, 2011

Before:  FISHER, VANASKIE and ROTH, <u>Circuit Judges</u>

(Opinion filed: May 16, 2012)

_____

O P I N I O N

_____

**ROTH**, <u>Circuit Judge</u>:

        In this appeal, we must determine whether a criminal defendant sentenced after the

enactment of the Fair Sentencing Act of 2010 (FSA) for crimes committed before that

date should be sentenced under the more lenient terms of the FSA. As explained below, we have already concluded that the FSA must be applied in such a situation.

On July 8, 2010, Mario Hamlin pleaded guilty to two counts of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 846. Count I was based on a transaction on January 16, 2008, in which Hamlin sold 48.9 grams of crack cocaine to a confidential source who was working with the Drug Enforcement Agency. Count II was based on a transaction that occurred approximately two weeks later on January 31, 2008, in which Hamlin sold 65.3 grams of crack cocaine to the same source.

At that time, penalties for Hamlin's offenses were controlled by the Anti-Drug Abuse Act of 1986. 21 U.S.C. § 841(b)(1) (2006). Under that law, a conviction for an offense, involving at least fifty grams of a substance containing cocaine base, required a mandatory minimum prison sentence of ten years, § 841(b)(1)(A)(iii). On August 3, 2010, Congress changed this sentencing scheme through the FSA in order to address a disparity between sentences for crimes such as Hamlin's that involved crack cocaine and those that involved powdered cocaine. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). As a result, under the FSA, an amount of at least 280 grams of a substance containing cocaine base was required to trigger the mandatory minimum ten-year sentence. Hamlin's offenses involved less than 280 grams.

When Hamlin subsequently appeared for sentencing on December 3, 2010, he and the government did not agree whether this statutory change affected his case. Hamlin argued that the FSA controlled any sentence imposed after its enactment, but the

2

government maintained that it did not. Although the District Court noted that, without the 10-year mandatory minimum, it would probably have sentenced Hamlin at the low end of the Sentencing Guidelines' seventy to eighty-seven month range, the court adopted the government's position and sentenced Hamlin to ten years in prison.[1]

Hamlin now appeals, arguing that the District Court's application of a ten-year mandatory minimum to Count II was inappropriate in light of the changes effectuated by the FSA.[2] We agree. We recently held in *United States v. Dixon,* 648 F.3d 195 (3d Cir. 2011), that the FSA applies to any sentence imposed after its August 3, 2010, enactment regardless of when the underlying crime was committed. Because Hamlin was sentenced on December 3, 2010, the court should have sentenced him pursuant to the FSA.

We will, therefore, vacate the judgment of sentence and remand this case to the District Court for resentencing under the FSA.

---

[1] Specifically, Hamlin was sentenced to 120 months in prison "at both Count I and Count II," to be served concurrently, a five-year term of supervised release and a $200 mandatory assessment.

[2] We have jurisdiction over Hamlin's appeal on the basis of 28 U.S.C. § 1291, and our review is plenary. *See United States v. Reevey*, 631 F.3d 110, 112 (3d Cir. 2010).