CLD-358                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2711
_____

UNITED STATES OF AMERICA

v.

ERIC HARRIS,
                                             Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:05-cr-00149-004)
District Judge:  Honorable Stewart Dalzell

_____

Submitted for Possible Dismissal Due to Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2013

Before: RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 14, 2013)
_____

OPINION
_____

PER CURIAM

Eric Harris, pro se, appeals from the District Court's denial of his second motion

to reconsider the denial of a motion for a reduction of his sentence pursuant to 18 U.S.C.

§ 3582(c)(2). For the reasons that follow, we will summarily affirm. See LAR 27.4; I.O.P. 10.6.

We have jurisdiction under 28 U.S.C. § 1291. Our jurisdiction includes review of final decisions of the district courts. See In re Grand Jury, 705 F.3d 133, 142 (3d Cir. 2012). "Whether a decision is final depends on its effects. Ordinarily, a final decision will have two effects. First, the decision will fully resolve all claims presented to the district court. Second, after the decision has been issued, there will be nothing further for the district court to do." Id. (citations and internal quotation marks omitted). Here, the order appealed conclusively determined Harris's right to a reduction of sentence under 18 U.S.C. § 3582(c).[1]

Though Harris titled his motion as one for reconsideration, in effect it was a second motion to reduce his sentence on a different basis than his prior § 3582(c)(2) motion. As such, we exercise plenary review over the District Court's decision that Harris is ineligible for relief under § 3582(c)(2). United States v. Savani, Nos. 11-4359, 11-4494 & 12-1034, ___ F.3d ____, 2013 WL 2462941, at *4 (3d Cir. June 10, 2013).

---

[1] The District Court denied Harris's motion in part on the basis that the claim Harris was asserting was within the realm of habeas, and invited (but did not order) Harris to refile it as a 28 U.S.C. § 2255 motion or potentially as a petition under 28 U.S.C. § 2241. The District Court went so far as to direct the clerk to mail Harris a blank form to accommodate his refiling. Harris has not done so yet, and nothing remains pending in this case. While the order does contain language to the effect that Harris's motion *is* a § 2255 motion, we believe that the District Court's denial of the "motion" suggests more strongly that the District Court has ruled Harris is ineligible for relief under § 3582(c)(2) on the basis asserted.

Congress has limited the ability of district courts to modify a sentence once imposed. See id. § 3582(c)(2) provides a narrow ground on which a modification can be ordered when 1) the defendant's sentence was based on a guideline range that has since been lowered by the United States Sentencing Commission (USSC) and 2) the reduction in sentence is consistent with the USSC's policy statements. Id. Harris has attempted to challenge his sentence in light of the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 11-220, 123 Stat. 2372 (2010).

Harris's challenge must fail. Harris was convicted and sentenced prior to FSA's passage, and it does not apply retroactively to him. See United States v. Turlington, 696 F.3d 425, 428 (3d Cir. 2012). Harris believes that a recent, split panel decision in the Sixth Circuit provides a basis for his challenge. See United States v. Blewett, Nos. 12-5226, 12-5582, ___ F.3d _____, 2013 WL 2121945, at *6 (6th Cir. May 17, 2013) (holding FSA is completely retroactive). Whatever the merits of that decision, its holding is completely foreclosed by this Court's binding precedent in Turlington. See Turlington, 696 F.3d at 428 (discussing continuing validity of United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010), which held that FSA does not apply retroactively to defendants sentenced prior to its passage).

For the reasons given, we will summarily affirm the judgment of the District Court.