**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4141
_____

UNITED STATES OF AMERICA

v.

JERMAINE L. JACKSON,
            Appellant

On Appeal From the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-08-cr-00413-001)
District Judge: Honorable Donetta W. Ambrose

Submitted under Third Circuit LAR 34.1(a)
on September 9, 2013

Before:  RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: September 25, 2013)

_____

O P I N I O N
_____

**RENDELL,** <u>Circuit Judge</u>:

Jermaine L. Jackson was sentenced a month before the effective date of the Fair Sentencing Act ("FSA"), for conduct that occurred three years prior, based upon his guilty plea for one count of possession with intent to distribute 5 grams or more of cocaine base and one count of being a felon in possession of a firearm. The District Court imposed a mandatory minimum sentence of 60 months. Jackson subsequently moved for the District Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(B), requesting that the sentence be modified in light of the FSA's change in crack cocaine quantities subject to the 5-year statutory minimum penalty. In an order without stated reasoning or analysis, the District Court denied his motion and Jackson appealed. For the following reasons, we will affirm.

Section 3582(c)(1)(B) authorizes courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute." The Court, therefore, turns to the FSA to determine whether or not it permits retroactive application. We have previously held that the FSA lacks retroactive effect when a conviction and sentence pre-date the FSA's effective date. *United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010). Jackson invokes the recent Supreme Court case, *Dorsey v. United States*, 132 S. Ct. 2321 (2012), to urge that the FSA should be applied to defendants sentenced prior to the FSA's effective date. In *Dorsey*, the Court held that the FSA applies retroactively to defendants who were convicted of crack cocaine offenses prior to the Act's effective date, but who were sentenced *after* that date. *Id.* at 2335. We have already determined that *Dorsey*'s holding is limited: "It does not address, or disturb, the basic principle that the FSA does

2

not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA." *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012) (Rendell, J.).  Here, because Jackson was sentenced *before* the effective date of the FSA, the District Court did not have the authority to apply the FSA retroactively.

Accordingly, we will affirm the judgment of the District Court.