**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4410
_____

UNITED STATES OF AMERICA

v.

EVELYN MICHELLE LEVINER,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-07-cr-00100-008)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2013

Before:    CHAGARES, VANASKIE, and SHWARTZ *Circuit Judges.*

(Filed: January 14, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Evelyn Leviner appeals the District Court's denial of her motions for a sentence

reduction and for retroactive application of the Fair Sentencing Act of 2010 (the "FSA"),

Pub. L. 111-220, 124 Stat. 2372. Because Leviner was convicted and sentenced prior to the FSA's effective date, we will affirm.

On October 3, 2007, Leviner pled guilty to several drug offenses, including possession with intent to distribute and distribution of fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). She was sentenced on January 4, 2008. At that time, offenses involving more than fifty grams of crack cocaine carried a mandatory minimum sentence of ten years' imprisonment. Accordingly, the District Court sentenced Leviner to a ten year term of incarceration, followed by a five year term of supervised release.

Congress subsequently enacted the FSA, which, *inter alia*, altered the quantity of crack cocaine necessary to trigger certain mandatory minimum penalties under the Controlled Substances Act, 21 U.S.C. § 841. The FSA's effective date is August 3, 2010. Pub. L. 111-220, 124 Stat. 2372. Under the new statutory framework, the mandatory minimum sentence for Leviner's crimes of conviction was lowered from ten years' to five years' imprisonment.

Leviner urges us to apply retroactively the FSA's reduced penalties for crack cocaine offenses to her sentence pursuant to 18 U.S.C. § 3582(c)(1)(B), which authorizes courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." We have previously concluded, however, that the FSA does not apply to individuals who, like Leviner, were convicted and sentenced prior to the FSA's effective date. *See United States v. Reevey*, 631 F.3d 110, 115 (3d Cir. 2010). Following our decision in *Reevey*, the Supreme Court held in *Dorsey v. United States*, 132 S. Ct.

2

2321 (2012), that Congress intended the FSA to apply to individuals who were convicted before the FSA was enacted, but sentenced after its effective date. *Id.* at 2335. Leviner contends that the Court's reasoning in *Dorsey* supports her conclusion that the FSA should likewise be extended to individuals sentenced prior to August 3, 2010. We have previously rejected this argument, concluding instead that "[*Dorsey*] does not address, or disturb, the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA." *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012). In light of our holding in *Turlington*, the District Court properly denied Leviner's motions for reduction of her sentence and for retroactive application of the FSA.

Accordingly, we will affirm the judgment of the District Court.