**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1836, 12-2225 & 12-2556
_____

UNITED STATES OF AMERICA

v.

ARTHUR LEE DAVIS,
               Appellant in No. 12-1836


MOHAMMED MUSTAKEEM,
               Appellant in No. 12-2225


WILLIE GENE GULLEY, JR., A/K/A HEAD, A/K/A MOSES,
               Appellant in No. 12-2556
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2:07-cr-00077; 2:07-cr-00164; 3:05-cr-00016 )
District Judges: Honorable Joy F. Conti & Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 13, 2013
_____


Before: MCKEE, *Chief Judge*, FUENTES and SLOVITER, *Circuit Judges*.

(Filed: January 24, 2014)
_____

OPINION
_____

FUENTES, *Circuit Judge*:

In this consolidated appeal, Arthur Davis, Mohammed Mustakeem, and Willie Gene Gulley, Jr., appeal their 120-month sentences for cocaine base offenses. Defendants contend that the current statutory mandatory minimum of 5 years should apply in their reduction in sentence hearings under 18 U.S.C. § 3582(c)(2), rather than the old 120-month statutory mandatory minimum that had been effective on the date of their initial sentencings. For reasons stated in prior opinions of this Court, we affirm.

I.

Davis pleaded guilty to possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). On December 11, 2007, he was sentenced to a term of 121 months imprisonment and five years of supervised release. Muskateem pleaded guilty to the same offenses, and on February 6, 2008, he was sentenced to a term of 121 months imprisonment and 5 years supervised release. Gulley pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base and less than 100 grams of heroin, in violation of 21 U.S.C. § 846. The District Court initially sentenced Gulley to 151 months imprisonment and 5 years supervised release. However, on September 8, 2008, Gulley received the benefit of an amendment to the U.S. Sentencing Guidelines, and he was re-sentenced to 121 months imprisonment. At the time of sentencing, each defendant was subject to a statutory mandatory minimum of 120 months because of the amount of cocaine base involved. 21 U.S.C. § 841(b)(1)(A)(iii) (2006).

2

On August 3, 2010, the President signed the Fair Sentencing Act ("FSA"), P.L. 111-220, 124 Stat. 2372, into law, which increased the quantities of cocaine base necessary to trigger the statutory mandatory minimums from 5 grams to 28 grams for the 60-month mandatory minimum, and from 50 grams to 280 grams for the 120-month mandatory minimum. 21 U.S.C. § 841. The FSA also authorized the U.S. Sentencing Commission to promulgate amendments to the U.S. Sentencing Guidelines to conform them to the FSA. See 28 U.S.C. § 994. Subsequently, the Commission promulgated such amendments, and, on November 21, 2011, exercised its independent authority to make those amendments retroactive. See U.S.S.G. App. C, amd. 750 (new guidelines); U.S.S.G. App. C., amd. 759 (retroactivity).

Following the retroactive amendments to the Guidelines, each defendant filed a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2). This statute provides a limited avenue for a defendant to seek modification of his sentence when he "'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2690 (2010) (quoting 18 U.S.C. § 3582(c)(2)). Absent the operation of any statutory mandatory minimums, Davis's new guidelines range is 84 to 105 months, Muskateem's is 63 to 78 months, and Gulley's is 84 to 105 months. Each sought a reduction in sentence to the low end of his new Guidelines range. While the District Courts found the Defendants were entitled to the benefit of the new Guidelines amendments under § 3582(c)(2), the District Courts also held that the 120-month statutory mandatory

minimum, in place at the time of their initial sentencings, prevented any reduction below 120 months. Accordingly, the District Court reduced all three Defendants' sentences to 120 months. Defendants appeal the determination that the District Court was required to impose the pre-FSA statutory mandatory minimums at their reduction in sentence hearings.

## II.

For the reasons set forth in this Court's precedential opinion in *United States v. Reevey*, 631 F.3d 110, 114-15 (3d Cir. 2010) we will affirm. In *Reevey* we decided that the new statutory mandatory minimums contained in the FSA are not retroactive to those who, like Defendants, were sentenced before the FSA's effective date of August 3, 2010. Furthermore, in *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012), we also reviewed, and rejected, the argument that *Reevey* was abrogated by the Supreme Court's recent decision in *Dorsey v. United States,* ___ U.S. ___, 132 S.Ct. 2321 (2012). *Dorsey* held that the new statutory mandatory minimums do apply retroactively to those whose crimes occurred before the effective date of the FSA, but who were sentenced after its effective date. 132 S. Ct. at 2335. In *Turlington*, we stated that *Dorsey* "addresses only the applicability of the FSA to those defendants who were convicted of crack cocaine offenses prior to the FSA's effective date of August 3, 2010, but were sentenced after that date. It does not address, or disturb, the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA." 696 F.3d at 428.

4

Given these prior precedential cases in our Circuit, we are compelled to affirm the orders of the District Courts.

IV.

For the foregoing reasons, we affirm the District Courts' orders entered on March 9, 2012, April 12, 2012, and May 14, 2012 reducing Defendants' sentences to 120 months.