BLD-243                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2986
_____

UNITED STATES OF AMERICA

v.

JOSEPH BAKER, JR., also known as DUKE

Joseph Baker, Jr.,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Crim. No. 3-09-cr-00088-001)
District Judge:  Honorable Mary L. Cooper

_____

Submitted on Motion for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
June 18, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: June 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Joseph Baker, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying his motion for a resentencing hearing. For the reasons that follow, we will affirm the judgment of the District Court.

On November 4, 2009, Baker pleaded guilty pursuant to a plea agreement to distributing and possessing with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The parties stipulated that the offense involved more than 50 grams but less than 150 grams of crack cocaine. On May 14, 2010, the District Court sentenced Baker to the mandatory minimum sentence of 120 months' imprisonment. Baker did not file a direct appeal.

On August 3, 2010, the Fair Sentencing Act of 2010 ("FSA") was passed and raised the amount of crack cocaine required to trigger the ten-year mandatory minimum sentence from 50 grams to 280 grams. United States v. Dixon, 648 F.3d 195, 197 (3d Cir. 2011). More than two years later, in January 2013, Baker filed a motion for a resentencing hearing. The Government opposed the motion and District Court denied relief. Baker appealed. The Government has moved for summary affirmance of the District Court's order. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Relying on our decision in United States v. Reevey, 631 F.3d 110 (3d Cir. 2010), the District Court held that it lacked authority to sentence Baker below the mandatory minimum in effect when he was sentenced because the FSA does not apply retroactively

2

to defendants sentenced before its enactment. The District Court also noted that Baker should have brought his claim in a motion under 28 U.S.C. § 2255, but stated it would have been futile for Baker to re-file his motion because the one-year limitations period for filing a § 2255 motion had already expired when Baker brought his motion for a resentencing hearing.

The District Court also explained that, even if it could treat Baker's motion as one for specific performance of the plea agreement, the motion lacked merit because, although the agreement gave Baker the right to petition for a resentencing hearing in the event of a change in the applicable mandatory minimum sentence, the Government did not agree that such a change would apply retroactively to Baker. Rather, the Government reserved the right to take "whatever position it deems appropriate in response to any such petition." Dist. Ct. Opin. at 9 (quoting plea agreement). The District Court found that these provisions of the agreement were explained to Baker at length at the plea hearing.

The record supports the District Court's decision. The plea hearing transcript reflects the parties' understanding that the plea agreement afforded Baker the opportunity to petition for resentencing in the event the law changed favorably to him, but that the Government could argue that he should not get the benefit of any change. See Dist. Ct. Opin. at 19-21 (quoting transcript). The transcript belies Baker's contention that he reasonably believed that he was entitled to resentencing in the event of a change in the guideline or mandatory minimum sentencing provisions. Assuming Baker's motion was

procedurally proper, the District Court did not err in applying <u>Reevey</u> and rejecting his claim. To the extent Baker argues that he is entitled to resentencing based on changes to the Sentencing Guidelines as a result of the FSA, those changes are not implicated because the statutory mandatory minimum controls his sentence. <u>See</u> <u>Dixon</u>, 648 F.3d at 198 n.1.

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. The Government's motion for summary affirmance and to be excused from filing a brief is granted.