**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1115
_____

UNITED STATES OF AMERICA

v.

JASON CLARK,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-04-cr-00212-001)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2012
Before:  SLOVITER, SMITH and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 19, 2012 )
_____

OPINION
_____

PER CURIAM

        In 2005, appellant Jason Clark pleaded guilty to one count of possession with

intent to distribute 150 grams of crack cocaine (21 U.S.C. § 841(a)(1) and (b)(1)(A)), one

count of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), and one

count of possession of a firearm in furtherance of a drug-trafficking crime (18 U.S.C.

§ 924(c)(1)), charges attached to conduct from 2001. He was sentenced to an aggregate term of 176 months of imprisonment. Before this Court is Clark's appeal of his second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2),[1] which was denied by the District Court. For the following reasons, we will affirm.

In his motion, Clark argued that both the guidelines applicable to his sentence and the relevant mandatory minimum term of imprisonment have been lowered since he was originally sentenced. He pointed to Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685 (2011), which addressed "whether defendants who enter into plea agreements that recommend a particular sentence as a condition of the guilty plea may be eligible for relief under § 3582(c)(2)." Id. at 2690. In opposing Clark's motion, the Government argued that Freeman did not apply, as the plea agreement was not pegged to a guidelines range. The District Court agreed with this reasoning, finding Clark's case to not "fit within Freeman" because his sentence "was based solely on his plea agreement" and not "the guidelines range." Order n.2, ECF No. 60.

We have jurisdiction under 28 U.S.C. § 1291. While the ultimate decision to reduce a sentence under 18 U.S.C. § 3582(c)(2) is committed to the discretion of the District Court, we exercise plenary review over the Court's legal analysis. United States v. Styer, 573 F.3d 151, 153 (3d Cir. 2009); United States v. Doe, 564 F.3d 305, 307 n.2 (3d Cir. 2009).

---

[1] Section 3582(c)(2) allows for the sentencing court to reduce the term of imprisonment if a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

When Clark was originally sentenced, 18 U.S.C. § 924(c)(1)(A) (2006) required that "any person who . . . in furtherance of [a drug trafficking] crime, possesses a firearm" shall "in addition to the punishment provided for such . . . drug trafficking crime" be sentenced to "a term of imprisonment of not less than 5 years." Meanwhile, 21 U.S.C. § 841(b)(1) (2006) imposed a ten-year mandatory minimum for possession of more than 50 grams of crack. Taken together, the mandatory minimum sentence Clark could expect was a fifteen-year term. The plea agreement to which Clark was a party reflected an understanding of such a sentence[2] (see Guilty Plea Agreement § 3(a), ECF No. 40), and Clark's counsel acknowledged that fifteen years was "the lowest sentence which this Court may impose" (see Def.'s Sentencing Memo. 6, ECF No. 46).

Several years later, Congress passed the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Section 2 of the Act amended the relevant subsection of 21 U.S.C. § 841, striking "50 grams" and inserting "280 grams." See 21 U.S.C. § 841(b)(1)(A)(iii) (2012). The Act also led to the promulgation of sentencing guidelines reflecting the new statutory scheme. See United States v. Dixon, 648 F.3d 195, 197–98 (3d Cir. 2011).

We need not determine whether the modification of the guidelines could affect relief under § 3582 and Freeman, because Clark was sentenced to a mandatory-minimum *statutory* term that still applies to him. In United States v. Reevey, 631 F.3d 110 (3d Cir.

---

[2] The sentence was reduced somewhat due to prior-custody credits that are not relevant here.

2010), we held that the Fair Sentencing Act is not retroactive if both the offense and initial sentencing occurred before its enactment, as is the case here. Id. at 114–15. A defendant is not eligible for a reduction under § 3582(c)(2) if another statute or provision, such as a statutory mandatory minimum, controls his sentence. See Doe, 564 F.3d at 312. Thus, as Clark was sentenced to the minimum time possible under the old statutory scheme, the fact that a guidelines range has changed in the interim is of no moment. Finally, to the extent that Clark attacks the constitutionality of his sentence, 18 U.S.C. § 3582(c)(2) is not the proper vehicle for doing so.

In sum, we agree with the District Court that it could not adjust Clark's sentence under § 3582. We will therefore affirm its judgment.