**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1621
_____

UNITED STATES OF AMERICA

v.

JAMES MABRY,
a/k/a JAMES YOUNG,
a/k/a MANNY,

                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-cr-00120-001)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 28, 2012
Before:  SLOVITER, SMITH and COWEN, Circuit Judges

(Opinion filed: August 30, 2012)
_____

OPINION
_____

PER CURIAM

     James Mabry, proceeding pro se, appeals the order of the District Court denying his

motion to modify his sentence pursuant to 18 U.S.C. § 3582(c).  For the following reasons, we

will affirm.

I.

In May 2005, James Mabry pleaded guilty in the United States District Court for the Middle District of Pennsylvania to possession with intent to distribute more than five grams of crack cocaine. Over Mabry's objection to application of the career criminal sentencing guideline, U.S.S.G. § 4B1.1, the District Court imposed 210 months of incarceration. See United States v. Mabry, M.D. Pa. No. 04-cr-00120.

Since his sentencing, Mabry has challenged his conviction and sentence via numerous collateral attacks pursuant to 28 U.S.C. § 2255 and a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), despite a waiver provision in his plea agreement. In January 2012, Mabry filed another pro se motion to reduce his sentence pursuant to § 3582(c)(2). The District Court appointed counsel, who then moved to withdraw, stating that Mabry had been sentenced based on the career offender guidelines. The District Court denied Mabry's motion; he then filed a timely pro se notice of appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to grant or deny a motion for a sentence reduction pursuant to § 3582(c) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

III.

Mabry argues that he is eligible for a sentence reduction under § 3582(c)(2) in light of Amendment 750 to the Sentencing Guidelines. Amendment 750 retroactively altered the offense levels in § 2D1.1 of the Sentencing Guidelines relating to crack cocaine. Section 3582(c)(2) provides that, "in the case of a defendant who has been sentenced to a term of

2

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment," upon consideration of certain factors.

Mabry's sentence was based on his status as a career offender. Although Amendment 750 would reduce his base offense level, it does not ultimately alter the guideline range under which he was sentenced, § 4B1.1. In Mateo, 560 F.3d at 155, we explained that Amendment 706[1] did not affect the application of the career offender offense level under § 4B1.1.

Under Dillon v. United States, 130 S. Ct. 2683, 2691 (2010), a court must first determine if a sentence reduction is consistent with § 1B1.10 of the Sentencing Guidelines before it considers whether reduction is warranted. Section 1B1.10(a)(2)(B) disallows sentence reductions where an Amendment does not lower a defendant's applicable Guideline range. As a career offender, Mabry's applicable Guideline range remains unchanged. Thus, the rationale of Mateo bars his claim, and the District Court did not abuse its discretion in denying Mabry's motion.

Mabry also argues that he is entitled to a reduction of sentence under § 3582(c)(2) because the Fair Sentencing Act of 2010 reduced his offense level as a career offender. However, the Fair Sentencing Act change to the statutory penalties for crack cocaine offenses does not apply retroactively to defendants who committed their crimes and were sentenced before its enactment. See United States v. Reevey, 631 F.3d 110, 113-15 (3d Cir. 2010).

---

[1] Amendment 706 lowered the base offense levels for crack cocaine offenses under §2D1.1(c) of the Sentencing Guidelines by two levels.

Accordingly, any difference in the penalty cannot change Mabry's offense level and cannot serve for him as a Guideline change that is a basis for a reduction of sentence under § 3582(c)(2).

IV.

For these reasons, we will affirm the District Court's judgment.