**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3337
_____

UNITED STATES OF AMERICA

v.

DUJANN LEWIS,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:03-cr-00216-001)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2013

Before:  AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed:  August 13, 2013)
_____

OPINION
_____

PER CURIAM

        DuJann Lewis, a federal inmate currently incarcerated at FCI McKean in

Bradford, Pennsylvania and proceeding pro se, appeals from an order of the United States

District Court for the Eastern District of Pennsylvania denying his motion for a reduction

of sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, we will affirm the judgment of the District Court.

I.

In 2005, following a jury trial, Lewis was found guilty of one count of conspiracy to distribute more than fifty grams of cocaine base, one count of possession with the intent to distribute more than fifty grams of cocaine base, one count of possession of marijuana with the intent to distribute, and one count of possessing a firearm in furtherance of a drug trafficking crime. The Presentence Investigation Report ("PSR") indicated that Lewis was responsible for ninety-eight grams of cocaine base. Under the Sentencing Guidelines then in effect, that drug quantity resulted in a base offense level of 32. However, Lewis received a two-level increase for reckless endangerment during flight, resulting in an adjusted offense level of 34. The PSR placed Lewis in Criminal History Category I, and his Guidelines range on the drug counts called for 151 to 188 months' incarceration. With the addition of the five-year mandatory penalty for the firearm offense, Lewis faced a Guidelines range of 211 to 248 months' incarceration. At sentencing, the District Court varied from the Guidelines range and imposed a total sentence of 180 months' incarceration. This sentence combined the mandatory minimum penalty of 120 months for the cocaine base convictions and the mandatory penalty of 60 months for the firearms offense.

We affirmed on direct appeal. United States v. Lewis, 261 F. App'x 384 (3d Cir. 2008). In 2008, Lewis filed a motion to vacate, set aside, or correct his sentence pursuant

to 28 U.S.C. § 2255. The District Court denied his motion, and Lewis did not appeal. He then filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act ("FSA") of 2010, arguing that the FSA retroactively applied to defendants who were sentenced before the FSA's effective date and that this retroactive application lowered his mandatory minimum penalty from 120 months to 60 months. On November 18, 2011, the District Court denied Lewis' motion.

On August 1, 2012, Lewis filed a second motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argued that the Supreme Court's recent decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), which held that the FSA's provisions apply to defendants who committed their offenses before the FSA's effective date but are sentenced afterwards, supports his position that the FSA retroactively applies to his case. On August 8, 2012, the District Court denied Lewis' motion, noting that Dorsey did not alter the conclusion that the FSA does not apply retroactively to defendants like Lewis who were sentenced before its passage. Lewis timely filed this appeal.

II.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's ultimate decision to deny Lewis' § 3582(c)(2) motion for abuse of discretion, but review *de novo* the District Court's legal interpretation of relevant statutes and guidelines. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

III.

A sentence reduction under § 3582(c)(2) is available only if, inter alia, the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also United States v. Thompson, 682 F.3d 285, 287 (3d Cir. 2012). This language permits a reduction on the basis of a Guidelines amendment only if the amendment "'ha[s] the effect of lowering the sentencing range actually used at sentencing.'" Mateo, 560 F.3d at 155 (quoting United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008)).

We reject Lewis' interpretation of Dorsey. The changes to the statutory penalties for cocaine base offenses do not apply retroactively to defendants (like Lewis) who committed their crimes and were sentenced before the FSA's enactment. See United States v. Reevey, 631 F.3d 110, 113–15 (3d Cir. 2010); see also Dorsey, 132 S. Ct. at 2335 (noting that the ordinary practice in federal sentencing "is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced"). Instead, Dorsey specifically held that the FSA applies to defendants who committed their offenses before the FSA was enacted but were sentenced after its effective date. 132 S. Ct. at 2326. Accordingly, Lewis' reliance on Dorsey is misplaced because he committed his offenses and was sentenced four years prior to the FSA's effective date.

Furthermore, Lewis' argument that Amendment 750 retroactively applies to lower his mandatory minimum sentence for the cocaine base convictions to 60 months is

4

misguided.  Amendment 750, effective November 1, 2011, lowered the base offense levels for crack cocaine quantities listed in U.S.S.G. § 2D1.1(c) to conform to the FSA. Amendment 750 does apply retroactively, as it is listed in U.S.S.G. § 1B1.10(c) among the amendments given retroactive effect for a § 3582(c)(2) sentence reduction.  <u>See</u> <u>United States v. Curet</u>, 670 F.3d 296, 309 (1st Cir. 2012).  However, the Sentencing Commission has recognized:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if  . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another . . . statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

U.S.S.G. § 1B1.10 cmt. n.1.  Again, the changes to the statutory penalties do not apply retroactively to defendants sentenced before the FSA's enactment.[1]  <u>Reevey</u>, 631 F.3d at 113–15.

Here, Lewis' Guidelines range called for 151 to 188 months' incarceration before the addition of the mandatory minimum of 60 months for the firearms offense.  However, the District Court granted a variance and imposed the mandatory minimum of 120 months' incarceration for the crack cocaine convictions.  Accordingly, this required

---

[1] We recently held:

 [W]hen a defendant was subject to a mandatory minimum term and was sentenced to a term pursuant to the guidelines but below the mandatory minimum as a result of a § 3553 motion by the government, and when the sentencing range is later lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), that defendant is eligible to move for reduction of sentence pursuant to § 3582(c)(2).  <u>United States v. Savani</u>, __ F.3d __, No. 11-4359, slip. op. at 26 (3d Cir. Apr. 24, 2013).  However, hardly any, if any at all, of these conditions are applicable to

sentence is not affected by Amendment 750, and Lewis is not entitled to rely on the FSA's statutory changes for relief under § 3582(c)(2).

In his reply brief, Lewis argues that the District Court erred by not also construing his motion as a motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(B). Lewis asks this Court to vacate the District Court's August 8, 2012 order and remand the matter to allow the District Court to consider his motion under § 3582(c)(1)(B) to reduce his sentence to 120 months.

Section 3582(c)(1)(B) allows a district court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." While we must interpret pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), nowhere in Lewis' motion does he mention § 3582(c)(1)(B) as a basis for requested relief. However, because Lewis was found responsible for 98 grams of cocaine base, he is subject to a mandatory ten-year minimum penalty even under the FSA. See Dorsey, 132 S. Ct. at 2326; Reevey, 631 F.3d at 114–15. Moreover, to the extent he relies on Fed. R. Crim. P. 35(a) (providing that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error"), the District Court would lack jurisdiction to grant relief on this basis because the time limit has long since expired, see United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007) (holding that Rule 35(a)'s time limit is

---

Lewis. Furthermore, Savani does not provide the relief Lewis seeks in his § 3582(c)(2) motion.

jurisdictional). Accordingly, the District Court did not err by not considering Lewis' motion as a motion under § 3582(c)(1)(B).

IV.

For the reasons stated above, we will affirm the District Court's order.